STATE *vs.* JOSEPH E. CLOUGH.

(*October* 2, 1925.)

RODNEY, J., sitting.

*James R. Morford*, Deputy Attorney-General, for the State.
*Henry R. Isaacs* for defendant.

Court of General Sessions for New Castle County, September Term, 1925.

No. 11, September Term, 1925.

RODNEY, J., charged the jury in part as follows:

*Section* 4709 *of the Revised Code* of the State of Delaware, 1915, provides, among other things, that—

"Whoever takes, receives, employs, harbors or uses, or causes or procures to be taken, received, employed, harbored or used, a male or female under the age of eighteen years for the purpose of sexual intercourse * * *shall be deemed guilty of a misdemeanor," and punished as the law then directs.

It is upon this statute that the indictment in this case is based, wherein it is charged in one count that Joseph E. Clough, the prisoner at the bar, did unlawfully use Elva Scorah, for the purpose of sexual intercourse, she, the said Elva Scorah then and there being a female under the age of eighteen years; and, in the other count, it is charged that the said Joseph E. Clough did unlawfully take Elva Scorah for the purpose of sexual intercourse, she, the said Elva Scorah, then and there being a female under the age of eighteen years.

I may say to you that under the first count it would be necessary for the State to prove to you, beyond a reasonable doubt, an actual using of the child for purposes of sexual intercourse. These words mean, in law, just what in ordinary parlance they are taken to import. Using a person for sexual intercourse implies an actual penetration of the body of the female by the body of the male, but such penetration need not be complete, the slightest entry into the body of the female by the person of a male being sufficient.

Under the second count, however, actual penetration is unnecessary. A taking for the purpose of sexual intercourse means such a course of conduct on the part of the defendant as indicates a control, complete or partial, of the person of the prosecuting witness, having sexual intercourse as its object. Under this count, it would be necessary for the State to prove to your satisfaction beyond a reasonable doubt both the taking and the object of the taking. * * *

And I further charge you that, if you believe, beyond a reasonable doubt, that the prisoner at the bar did take or use the said Elva Scorah for the purpose of sexual intercourse, it would be immaterial whether she consented to the act or not, because, under the law, she would be incapable of such consent.

But, if you should not be satisfied from the evidence, beyond a reasonable doubt, that the prisoner at the bar did take or use the said Elva Scorah for the purpose of sexual intercourse, your verdict should be not guilty.

Verdict guilty.